UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAVARRE BIBBS,

    Petitioner,                          Civil No. 2:09-CV-13599
                                        HONORABLE GERALD E. ROSEN
v.                                         CHIEF UNITED STATES DISTRICT JUDGE

THOMAS BELL,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Navarre Bibbs, ("Petitioner"), presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(A); first-degree home invasion, M.C.L.A. 750.110a(2); fourth degree criminal sexual conduct, M.C.L.A. 750.520e(1)(b); and being a fourth felony habitual offender, M.C.L.A. 769.12. The respondent has filed a motion to dismiss, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a response to the motion to dismiss. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 2244(d)(1).

**I. Background**

Petitioner was convicted of the above charges following a jury trial in the Berrien County Circuit Court. Direct review of petitioner's conviction ended on August 30, 2005,

1

when the Michigan Supreme Court denied petitioner leave to appeal following the affirmance of his conviction on his appeal of right by the Michigan Court of Appeals. *People v. Bibbs,* 474 Mich. 854; 702 N.W. 2d 578 (2005).

On September 12, 2007, petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* with the trial court. After the trial court denied the motion and the Michigan Court of Appeals denied petitioner leave to appeal, collateral proceedings ended in the state courts on June 23, 2009, when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his post-conviction motion. *People v. Bibbs,* 483 Mich. 1107; 766 N. W. 2d 846 (2009).

Petitioner's habeas petition is signed and dated August 18, 2009. [1]

## II. Discussion

Respondent has filed a motion to dismiss the petition for writ of habeas corpus on the ground that the petition was not filed in compliance with the statute of limitations. In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir. 1999); *See also Cooey v. Strickland,* 479 F. 3d 412, 415-16 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

(1) A 1-year period of limitation shall apply to an application for a writ of

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on August 18, 2009, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Brown v. McKee,* 232 F. Supp. 2d 761, 764, n. 1 (E.D. Mich. 2002).

2

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one year statute of limitations. *See Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002).

The Michigan Supreme Court denied petitioner's application for leave to appeal on August 30, 2005. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Because petitioner did not seek a writ of certiorari with the United States Supreme Court, petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on November 28, 2005. *See Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Absent state collateral

review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than November 28, 2006 in order for the petition to be timely filed.

Petitioner filed his post-conviction motion with the state courts on September 12, 2007, after the one year limitations period had expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). Petitioner's habeas application is untimely.

Petitioner contends in his reply to the motion to dismiss that the limitations period should be equitably tolled because he is actually innocent of the crimes that he was convicted of. In support of his actual innocence claim, petitioner has attached four letters from his uncle, Michael Ray Brown, who claims that he knew the victim's biological father, Nate Goodwin, while both men were incarcerated in prison. Brown claims that Goodwin told him that the victim and the victim's mother had informed him that the victim had been sexually assaulted by her stepfather, Ricky Cunningham. Petitioner has also attached a letter from his appellate attorney, which responded to a letter from Nate Goodwin, but does not mention the contents of Goodwin's letter to the appellate attorney.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no

4

reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

In this case, petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Petitioner has only presented hearsay evidence in support of his actual innocence claim.

Long-delayed affidavits which seek to exonerate a habeas petitioner and shift the blame for the crime to another person are "treated with a fair degree of skepticism." *Herrera v. Collins,* 506 U.S. 390, 423 (1993). Petitioner has failed to attach any sworn statement from the victim recanting her testimony. An unsworn statement from a recanting witness is insufficient to establish a habeas petitioner's actual innocence. *See Cress v. Palmer,* 484 F. 3d 844, 855 (6th Cir. 2007)(rejecting actual innocence claim that was based in part on an unsworn statement from a recanting witness).

5

Brown's statements to petitioner are hearsay and are therefore of limited credibility. *See Herrera,* 506 U.S. at 417(hearsay statements insufficient to support freestanding habeas claim of actual innocence). Brown's hearsay statements are only minimally persuasive evidence in support of petitioner's actual innocence, because as hearsay evidence it is presumptively less reliable than direct testimony. *See Knickerbocker v. Wolfenbarger*, 212 Fed. Appx.426, 433 (6th Cir. 2007)(affidavit by codefendant's fellow inmate stating that codefendant had told him that petitioner had nothing to do with strangling murder of victim was insufficient to demonstrate petitioner's actual innocence to felony murder, as required to be entitled to equitable tolling of one-year limitations period governing petition for writ of habeas corpus; inmate's statements as to what codefendant said amounted to hearsay, and thus, were presumptively less reliable). Because Brown was not present when the sexual assaults and the home invasion took place, it is impossible for Brown to refute the testimony of the eyewitness to the crime, the complainant, who positively identified petitioner as the perpetrator. *See McCray v. Vasbinder,* 499 F.3d 568, 574 (6th Cir. 2007).

Finally, recanting affidavits and witnesses are viewed with "extreme suspicion." *United States v. Chambers*, 944 F. 2d 1253, 1264 (6th Cir. 1991); *See also Byrd v. Collins,* 209 F. 3d 486, 508, n. 16 (6th Cir. 2000). As such, the alleged recantation of a prosecution witness is insufficient to establish a habeas petitioner's actual innocence, so as to equitably toll the limitations period. *See Ajamu-Osagboro v. Patrick,* 620 F. Supp. 2d 701, 718-19 (E.D. Pa. 2009).

Although equitable tolling based on a habeas petitioner's actual innocence remains an important, though "extraordinary," remedy, it is one that a court should

6

"refuse to provide in a less-than-extraordinary case" like petitioner's. *McCray,* 499 F. 3d at 577. Accordingly, the petition for writ of habeas corpus shall be dismissed pursuant to 28 U.S.C. § 2244(d)(2).

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). Accordingly, the Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not

7

conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Brown,* 232 F. Supp. 2d at 770. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

        s/Gerald E. Rosen  
        Chief Judge, United States District Court

Dated: May 27, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 27, 2010, by electronic mail and upon Navarre Bibbs, #441708, Gus Harrison Correctional Facility, 2727 E. Beecher Road, Adrian, MI 49221 by ordinary mail.

                                 s/Ruth A. Gunther
                                 Case Manager